UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

    Plaintiff,

v.

                                Case No. 11-cr-205-pp

CHRISTOPHER YOUNGER,

    Defendant.

---

**ORDER APPROVING STIPULATION (DKT. NO. 225), REVOKING DEFENDANT'S SUPERVISED RELEASE, AND IMPOSING AGREED SENTENCE**

---

On May 24, 2013, after the defendant pled guilty to one count of conspiring to possess with intent to distribute marijuana and one count of conspiring to launder money, Judge Rudolph T. Randa sentenced him to a prison sentence of one year and one day. Dkt. No. 205. Judge Randa ordered the defendant to spend four years on supervised release following his release. Id. The defendant began serving that supervised release term on August 22, 2014. Dkt. No. 216 at 1.

The parties have filed a stipulation, in which the defendant agrees that he has violated two of the conditions of supervised release. Dkt. No. 225. He violated the condition that he participate in drug testing and treatment, by providing a diluted urine test, failing to report for testing on two occasions, and drinking and using drugs not prescribed to him (all Grade C violations). Id. at 1-2. He also violated the mandatory condition that he not commit another

federal, state or local crime while on supervision, when he assaulted his mother. Id. at 2. The defendant was charged in St. Louis (Missouri) County Circuit Court, and pled guilty to second-degree felony assault; on September 11, 2017, that court sentenced him to serve a sentence of seven years in custody. See Missouri v. Younger, Case No. 16SL-CR03339-01 (St. Louis County Circuit Court), https://www.courts.mo.gov/casenet/cases/charges.do (last visited February 8, 2019); Id. at 2. This is a Grade A violation.

The parties have stipulated that the highest grade violation is the Grade A violation for committing a state felony, and that the defendant has a criminal history category of III. Dkt. No. 225 at 2. A Grade A violation in criminal history category III yields an advisory sentencing range of 18 to 24 months.

The parties have agreed, under Federal Rules of Criminal Procedure 11(c)(1)(C) and 32.1, that the court should revoke the defendant's supervised release and impose a sentence of time served, with no supervised release to follow, to run concurrently with the sentence imposed by the St. Louis County Circuit Court. Id. at 2. Under Rule 11(c)(1)(C), parties may enter into a plea agreement that recommends a specific sentence, and that recommendation "binds the court once the court accepts the plea agreement." Under Rule 32.1(b)(2), a defendant may waive a revocation hearing. Finally, 18 U.S.C. §3583(e)(3) allows a court to revoke a defendant's supervised release and require him to serve a prison sentence.

The parties have agreed that the court should revoke the defendant. Dkt. No. 225 at 3, 6. The defendant has knowingly waived his right to a hearing. Id.

at 4. The court finds the sentence to which the parties have agreed to be reasonable.

The court **APPROVES** the stipulation, and **ACCEPTS** the Rule 11(c)(1)(C) plea agreement. Dkt. No. 225.

The court **ORDERS** that the defendant's supervised release is **REVOKED**.

The court **ORDERS** that the defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: **TIME SERVED** on Count One of the Indictment, and **TIME SERVED** on Count Two of the indictment, to run concurrently with the sentence imposed on Count One, for a total sentence of **TIME SERVED**. The court **ORDERS** that this sentence shall be served **CONCURRENTLY** with the seven-year sentence imposed in Missouri v. Younger, 16SL-CR03339-01 (St. Louis County Circuit Court).

The court **ORDERS** that upon release from imprisonment, the defendant shall be on supervised release for a term of: **0 months** on Count One and **0 months** on Count Two, to run concurrently with the sentence imposed on Count One, for a total sentence of **0 months** of supervised release.

Dated in Milwaukee, Wisconsin this 8th day of February, 2019.

                                              **BY THE COURT:**

                                              **HON. PAMELA PEPPER**
                                              **United States District Judge**